## MICHAEL LORENZO; MARY LORENZO, Appellants

### v.

## ANDREW GRIFFITH; WILLIAM GROGAN, d/b/a BARNACLE BILL'S, INC.

No. 93-7215

United States Court of Appeals

for the Third Circuit

December 10, 1993

JACQUELINE A. DREW, ESQ. (Argued), Charlotte Amalie, St. Thomas, V.I., *for appellant*

WILFREDO A. GEIGEL, ESQ. (Argued), Christiansted, St. Croix, V.I. and JUDITH A. CONTE, ESQ., Gallows Bay, St. Croix, V.I., *for appellee*

BEFORE: MANSMANN, HUTCHINSON and LEWIS, *Circuit Judges*

### OPINION OF THE COURT

MANSMANN, *Circuit Judge*

Michael and Mary Lorenzo appeal from the denial of a motion to reconsider an order granting summary judgment in favor of the defendant, William Grogan, d/b/a/ Barnacle Bill's, Inc. The district court had previously determined that the Lorenzos had no legally cognizable claim against a restaurant owner for injuries inflicted by one of its employees and then dismissed without comment the Lorenzos' request for reconsideration of the judgment.

In their appeal the Lorenzos claim that the district court could not grant the initial summary judgment without addressing a pending motion to extend discovery when the court had knowledge of the particular circumstances which previously prevented diligent pursuit of discovery. The plaintiffs do not, however, address in their appeal whether the denial of their request for relief from judgment was properly decided by the district court.

We conclude that, although counsel's request for an extension of discovery was not resolved at the time of entry of the merits judgment against the plaintiffs, the district court did not abuse its discretion in denying the plaintiffs' petition for reconsideration. We will, therefore, affirm the order of the district court.

I.

On August 5, 1988, Plaintiff Michael Lorenzo was involved in an altercation with Andrew Griffith in the kitchen of Barnacle Bill's, Inc., a restaurant located in Sub Base, Charlotte Amalie, St. Thomas. Griffith, an employee of Barnacle Bill's, became angry over an incident involving another employee's use of his radio and allegedly struck her. When Lorenzo came to her aid, a fight ensued during which, Lorenzo claims, Griffith wounded him with a kitchen knife. As a result of the injuries sustained, Lorenzo filed suit against Griffith[1] and William Grogan, d/b/a Barnacle Bill's, Inc. The complaint asserted liability against Barnacle Bill's upon a theory of negligent hiring and retention of Griffith as an employee and general negligence on the theory of respondeat superior.

Shortly after an answer to the complaint was filed, limited discovery commenced. Pertinent to this appeal, the plaintiffs requested that Barnacle Bill's produce the employment records of Andrew Griffith. Barnacle Bill's responded that the documents had been destroyed in the devastation of Hurricane Hugo.

At a May 1991 pretrial conference, counsel for the plaintiffs informed the Federal Magistrate that, in order to undergo treatment for a serious illness, counsel would be "off island" until August of

---

[1] When the district court denied plaintiffs' motion for reconsideration of its order granting summary judgment in favor of Barnacle Bills, it also granted the plaintiffs thirty days to submit an affidavit outlining steps taken to effectuate service upon Griffith. The plaintiffs did not comply with this order. Accordingly, on March 22, 1993, the action against Griffith was "dismissed, with prejudice, for failure to prosecute." App. at 3.

1991. To accommodate the medical requirements of plaintiffs' counsel, the discovery deadline was temporarily suspended and a date of September 30, 1991 was set as the date that discovery would be closed.

Unforeseen medical complications caused plaintiffs' counsel to remain off island until October 2, 1991. On October 7, 1991, Barnacle Bill's filed a motion for summary judgment. In response, the plaintiffs filed a motion to extend discovery in order to respond to the motion for summary judgment. There is no written resolution of this request for the discovery extension on the record, but, as the district court noted, [t]he period between the effective date of the filing of Barnacle Bill's Summary Judgment Motion and the date the motion was disposed, was more than adequate for Plaintiffs to respond." App. at 70. Nonetheless, no further discovery was initiated.

Six months later, on March 9, 1992, Barnacle Bill's moved to have its motion for summary judgment deemed conceded under 5 V.I.C. app. V, Rule 6(i), a local rule regarding possible recourse when a party fails to respond to a motion. The plaintiffs opposed the motion on the ground that a request for additional time to conduct discovery made at a January 31, 1992 calendar call had never been decided. The plaintiffs once again requested an extension of the discovery deadline.

The district court did not rule on the plaintiffs' subsequent motion for extended discovery but instead granted summary judgment for the defendant on May 8, 1992.[2] The district court noted first that summary judgment cannot be granted by default but only when the record establishes that the movant is entitled to judgment as a matter of law. Regarding the plaintiffs' plea for extended discovery time, the court opined that:

> [P]laintiffs had more than ample time in which to provide evidentiary support for their opposition to the grant of summary judgment, and it is undisputed that, notwithstanding the basis upon which they sought the extension of the deadline for re-

---

[2] In granting the defendant's summary judgment motion, the district court, for reasons unclear, also ordered: "As to Defendant William Grogan d/b/a/ Barnacle Bill's Inc., the complaint is DISMISSED WITH PREJUDICE." App. at 49. There is, however, no indication in the district court's accompanying memorandum that the procedural posture in which this case was decided contemplated a dismissal.

382

sponse, they have not engaged in any additional discovery since October of 1991. Any suggestion that they cannot respond to the motion for summary judgment because they have not had an adequate opportunity to conduct discovery pertinent to the issues raised by the motions must fall upon deaf ears.

App. at 50–51.

The district court then reviewed the record facts and concluded, first, that the restaurant owner could not be held liable for Griffith's actions under a respondeat superior theory since the alleged tort was an intentional one occurring in the context of a personal confrontation and not within in the scope of Griffith's employment. The district court further found that the alternate ground for imposing liability upon Barnacle Bill's, the allegation that Griffith was a known dangerous person and that Barnacle Bill's was negligent in hiring him and in retaining him, lacked evidentiary support. The court pointed to the complete absence of record fact, such as knowledge of prior aggressive acts, which could have put Barnacle Bill's on notice of Griffith's potential for violence. To the contrary, the motion for summary judgment was supported by an unrefuted affidavit which stated that, until the assault involving Lorenzo, Griffith had been a model employee.

Apparently the plaintiffs did not receive notice of the order granting summary judgment in Barnacle Bill's favor. Counsel asserts that when she learned of the disposition of the case, she filed a motion for reconsideration of the court's order, referencing the still unresolved request to reopen the time for discovery. Although the motion itself did not identify the legal authority for its presentation, because it was filed beyond ten days of entry of judgment, we view it as having been filed pursuant to Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) provides for relief from judgment for, among other reasons, excusable neglect. Urging the court to consider the distinction between excusable delay and delay resulting from "bad faith" and disputing the presence of prejudice to the defendant, counsel requested the court to reconsider the judgment entered in Barnacle Bill's favor. The motion does not identify any erroneous factfinding or mistake in the application of law which might have supported reversal of the district court's decision.

In a one sentence decision, the district court denied the plaintiffs' motion for reconsideration. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. The standard of review of a district court's denial of relief under Rule 60(b) is abuse of discretion. Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987).[3]

## II.

Rule 60(b) provides six grounds for relief from a judgment. Applicable here is subsection (b)(1) which cites "mistake, inadvertence, surprise, or excusable neglect" as reasons which may justify relief from a final judgment. Fed. R. Civ. P. 60(b)(1).

In their petition for reconsideration the Lorenzos asserted that because the discovery motions were outstanding at the time the motion for summary judgment was under consideration, counsel was misled as to the status of the case. The plaintiffs argue that the unresolved status of the motions precluded entry of judgment.

While the district court did not state its reasons for denying Lorenzo's reconsideration petition, it did, in its summary judgment memorandum, make clear that the plaintiffs' explanation for its dilatory conduct was not persuasive. See text, infra at 4–5. We must consider whether the district court, in rejecting the plaintiffs' plea of inadequate discovery opportunity and in denying the reconsideration motion, abused its discretion.

## A.

Counsel has not suggested any Third Circuit caselaw directly on point. We note by analogy, however, our caveat in Zawadski De Bueno v. Bueno Castro, 822 F.2d 416 (3d Cir. 1987), that when evaluating motions to vacate a default judgment,[4]

> [T]he trial court must consider three factors: (1) whether the [prevailing party] will be prejudiced if the default is lifted; (2) whether the [petitioner] has a meritorious defense; and (3) whether the default was the result of the [petitioner's] culpable conduct.

Id. at 419.

---

[3] Although both parties have characterized our standard of review as a plenary analysis of a summary judgment, our focus is limited to whether the district court abused its discretion in denying the Rule 60(b) motion for reconsideration.

[4] Because a merits and not a default judgment is at issue here, we note that the general disfavoring in the law of awarding judgments by default is not a consideration here.

In reviewing the district court's observation of the plaintiffs' culpability for the lack of discovery, we find no abuse of discretion. While we are sympathetic to counsel's medical reason necessitating the original suspension of discovery deadlines, once the summary judgment motion was filed and her requests for extension of time were presented, counsel did not act diligently or within the confines of the procedural rules[5] to proceed with discovery which would have precluded the granting of the summary judgment motion.

Second, the plaintiffs did not advance before the district court either a theory of recovery or actual evidence which would overcome the defendant's evidence that Griffith was a non-violent employee. Thus, no meritorious defense has been demonstrated which would deem the district court's refusal to reconsider an abuse of discretion.

In addition, although the defendant has not addressed the prejudice issue and the Lorenzos address it only in the context of whether additional discovery would prejudice the defendant, the equities here clearly weigh in favor of sustaining the judgment. Thus, we cannot identify any abuse of discretion in the district court's denial of the reconsideration petition.

### B.

We note finally that even if the delay in proceeding with discovery could be deemed "excusable neglect," the Lorenzos have not identified any factual or legal error in the court's merit determinations which would justify relief. See Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993) (even assuming neglect in drafting *agreement*, validity of *judgment* not in doubt) (emphasis in original).

To so conclude we revisit the procedural facts of the case:

---

[5] When a nonmoving party urges the district court to forestall consideration of a summary judgment motion in order to facilitate discovery, Fed. R. Civ. P. 56(f) affords the district court a measure of discretion in determining whether the summary judgment motion is ripe for resolution. Under accepted practice, when additional discovery is needed, a Rule 56(f) motion should be flied, explaining why opposing affidavits are unavailable.

Even if we deem the Lorenzos' submissions before the court as complying with Rule 56(f), we note that the motion is subject to the court's discretion, controlled, in part, by the dictates of the court's calendar. Here after one extension had been requested, no attempts at further discovery were forthcoming.

Barnacle Bill's relied upon Virgin Islands Local Rule 6(i) in requesting that its motion for summary judgment be deemed conceded. Rule 6(i) provides, in part, that upon failure of a party to file a response and brief in opposition to a motion, the court may treat that motion as conceded and render the relief requested by the motion. Unless there is some response indicating that a genuine controversy exists concerning the right to the relief sought, Rule 6(i) empowers the court to deem a motion conceded based upon the information provided by the movant. Enforcement of the rule:

> does not contemplate that the court will exercise discretion as to whether the opposing party's failure to respond was due to excusable neglect or whether the movant will suffer prejudice if the motion is denied. Indeed, the objective of the rule would be defeated if the district court had to stop and investigate such matters before acting.

Anchorage Associates v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990). We note that Rule 6(i) is not applied as a means to impose or authorize a sanction for failure to prosecute or defend; instead, the rule applies to all motions "even those filed in diligently litigated cases." Id. Facilitation of the court's disposition of motions, not punishment, is the purpose of the rule.

This facially far-reaching authority of Rule 6(i) is somewhat tempered as local rules "must be construed and applied in a manner consistent with the Federal Rules of Civil Procedure." Id. See also 28 U.S.C. § 2071; 48 U.S.C. § 1615. In this case, Barnacle Bill's moved for the entry of summary judgment on the ground that there was no legal theory under which it, as an employer, could be held liable for the assault by its employee. Rule 6(i) must therefore be interpreted in a manner compatible with Fed. R. Civ. P. 56, the rule governing summary judgments. Thus, in addition to a finding that a party failed to respond under Rule 6(i), there must be a congruent finding that judgment for the moving party is appropriate as a matter of law. Here, by operation of both procedural rules, the district court could properly adjudicate Barnacle Bill's motion for summary judgment solely on the basis of the evidence Barnacle Bill's presented in its motion. Nonetheless, the court could not enter a summary judgment in favor of Barnacle Bill's unless the facts set forth in the motion entitled Barnacle Bill's to judgment as a matter of law.

The district court did not make specific reference to Rule 6(i) in rendering its decision. While the court's reference to the plaintiffs' lack of diligence in conducting discovery and to its reliance solely on the evidence presented by Barnacle Bill's could be construed as a consideration of the concerns of Rule 6(i), its conclusion was ultimately a merits decision—the unrebutted facts refute the presence of a legally cognizable cause of action against Barnacle Bill's.

## III.

Thus, because there was no abuse of discretion, we will affirm the order of the district court denying the Lorenzos' request for reconsideration of the judgment in favor of Barnacle Bill's.