

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2004

# Jordan v. Stanziola

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4536

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"Jordan v. Stanziola" (2004). *2004 Decisions.* Paper 729.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/729

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4536

DOUGLAS K. JORDAN; LUCINDA JORDAN,

Appellants

v.

ROBERT J. STANZIOLA, EDWARD W. DRUM AND EARL T. MILLER, individually
and as Supervisors for the Township of Sugarloaf, Pennsylvania; TOWNSHIP OF
SUGARLOAF

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist.Court No. 00-cv-1915)
District Court Judge: The Honorable A. Richard Caputo

Argued December 5, 2003

Before: SLOVITER, ALITO, and OBERDORFER[1], Circuit Judges.

(Opinion Filed: May 4, 2004)

---

[1] Honorable Louis F. Oberdorfer, District Judge, United States District Court for the
District of Columbia, sitting by designation.

Keith E. Kendall, Esq. (Argued)
2215 Forest Hills Drive, Suite 37
Harrisburg, PA 1711201099
*Counsel for Appellant*s


Zygmunt R. Bialkowski, Esq. (Argued)
The Oppenheim Building
409 Lackawanna Avenue, Suite 3C
Scranton, PA 18503
*Counsel for Appellees*

---

OPINION OF THE COURT

---

OBERDORFER, <u>Senior District Judge</u>:

Douglas K. Jordan and Lucinda Jordan appeal from the district court's grant of summary judgment on their claims for violation of the Americans with Disabilities Act and for common law abuse of process. For the reasons discussed below, we affirm.

## I. BACKGROUND

Because we write only for the parties, we will not fully restate the facts of the dispute, which are spelled out in some detail in the district court's twenty-three page decision. <u>See</u> <u>Jordan v. Stanziola</u>, 3:CV–00-1915 (Caputo, J.) (Memorandum filed May 15, 2002) ("Memorandum"). Douglas K. Jordan (Jordan) was a Sugarloaf Township Police Officer from March 15, 1982 until May 5, 2000. Lucinda Jordan is his wife (collectively, "the Jordans"). Between June 1998 and December 1998, Jordan was

2

disciplined repeatedly by the Township for allegedly, among other things: making baseless accusations about a fellow officer; quarreling with a fellow officer; performing paid services for a local ambulance association while on sick leave from the Township; telling a citizen that the citizen's arrest was unconstitutional and advising the citizen to sue the Township; using the women's restroom in the Township police department building; and improperly aiding a civilian's attempt to repossess a backhoe.

On December 25, 1998, Jordan injured his back. He did not return to work until May 21, 1999. When he returned to work, he was assigned to the day shift for office duty and was removed from patrol duty. He complained that the extended sitting involved in office duty exacerbated his back problem and submitted notes from his doctors to the Police Department to that effect. The Police Department did not change Jordan's restriction from patrol duty, but did permit him to get up and walk around if his back was bothering him.

By letter dated January 19, 2000, the Township Board of Supervisors informed Jordan that the Board had determined that it was necessary for him to undergo a psychological evaluation to confirm his fitness for duty. Subsequently, a psychologist examined him and found in a resulting report that he did not appear to have any psychological factors that would interfere with his performing his duties as a police officer in a competent fashion. He continued working at the Police Department.

In April 2000, Jordan requested, and was denied, permission to leave work

to attend physical therapy sessions for his back injury. He stated in writing to the Police Department that he would file for partial disability if he was not permitted to attend the therapy sessions while working full-time. On April 27, 2000, he called an ambulance, left work, and did not report his absence to the Department. On the following day, April 28, 2000, he did not report to work or call in to work. On April 29 th and 30th, 2000, he called in sick.

Jordan returned to work on May 3, 2000. That morning, he told the Chief of Police in a note that his doctor would place him on disability if he were not returned to full duty within two weeks. However, the doctor's note attached to Jordan's note stated only that he was authorized to return to work.

Subsequently, the Chief of Police submitted a report to the Sugarloaf Board of Supervisors. On May 5, 2000, the Board met and voted to terminate Jordan. By letter dated that day signed by defendant Robert M. Stanziola, Chairman of the Board of Supervisors of Sugarloaf Township, the Township advised Jordan that it had "considered your recent actions, the statements you made at the . . . hearing, and the previous disciplinary problems which you have had," and that, "[b]ased on all of these factors, the supervisors . . . have voted to terminate your employment." App. at 69. "As of this date," the letter informed Jordan, "your employment by the Township of Sugarloaf as a police officer is terminated." Id.

Subsequently, Jordan and his wife filed suit in federal district court against

three of the township supervisors and against the Township of Sugarloaf itself. The district court granted summary judgment for the defendants on Jordan's causes of action for alleged violations of (1) his civil rights under 42 U.S.C. § 1985; (2) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, (3) his substantive and procedural due process rights under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution; (4) his common law rights against abuse of process; and (5) his common law rights against wrongful termination. See Memorandum. Subsequently, the Jordans stipulated to dismissal of the remaining two counts, one for alleged violation of his First Amendment freedom of association rights, the other for Lucinda Jordan's loss of consortium. See Jordan v. Stanziola, 3:CV--00--1915 (Caputo, J.) (Order filed November 26, 2002). The Jordans now appeal from the adverse grant of summary judgment.

## II. DISCUSSION

On appeal, the Jordans assert that the district court erred in three respects: (1) by granting summary judgment on the various claims prior to the completion of discovery, before they were "ripe"; (2) on the merits by granting summary judgment on the ADA claim; (3) on the merits by granting summary judgment on the claim for abuse of process.[2] As to the second and third of these arguments -- regarding the merits of the

---

[2] The Jordans abandoned the remaining four of their claims on appeal. First, although they did appeal the grant of summary judgment on the procedural due process claim, their counsel explicitly abandoned that claim at oral argument. Second, and similarly, the Jordans' briefs abandoned the claim for wrongful termination, stating that they

5

ADA and abuse of process claims, we affirm. Having performed *de novo* review, see Waldron v. SL Indus., Inc., 56 F.3d 491, 496 (3d Cir. 1995), we rest on the district court's cogent analysis explaining the basis for granting summary judgment against the Jordans. See Memorandum at 14-19 (ADA analysis) and 19-22 (abuse of process). A word is in order, though, concerning the district court's handling of the question of ripeness, which the Jordans raised to the district court but that court did not address in its Memorandum.

The Jordans argue that the district court erred in granting summary judgment with regard to the issues on which summary judgment was granted because summary judgment was awarded at a "premature" stage, due to their "inability to complete discovery." Aplt's Br. at 12. We review for abuse of a "measure of discretion" the district court's decision as to "whether the summary judgment motion [wa]s ripe for resolution." Lorenzo v. Griffith, 12 F.3d 23, 27 n.5 (3d Cir. 2003).

The district court did not abuse its discretion. Jordan filed the operative Complaint in this dispute on October 31, 2000, over eighteen months before the district court's decision granting summary judgment. Before any substantial discovery could have

"concede[] the Township's position on this issue, and withdraw[] the issue from consideration by this Court." Reply Br. at 9. Third, their primary brief states that "[t]he dismissal of Count VI . . . (loss of consortium) is not independently argued on appeal." Aplt's Br. at 2. Finally, they did not appeal whatsoever the grant of summary judgment on the §1985 claim or on the substantive due process claim. We thus address only the three "live" issues on appeal.

taken place,[3] the case was diverted to mediation on May 10, 2001. The parties declared the mediation an impasse on June 29, 2001. The Jordans identify no reason why, starting at that point, they could not have conducted discovery up until the then-operative deadline of November 26, 2001. On September 26, 2001, the district court granted their motion to extend the discovery deadline by two months. Subsequently, on November 30, 2001, the Jordans entered into a stipulation with the defendants to the effect that the defendants would file a motion for summary judgment and the parties agreed to stay discovery pending the outcome of that dispositive motion. "When a nonmoving party urges the district court to forestall consideration of a summary judgment motion in order to facilitate discovery . . . . [u]nder accepted practice, when additional discovery is needed, a Rule 56(f) motion should be filed, explaining why opposing affidavits are unavailable." Lorenzo, 12 F.3d at 28.[4] The Jordans did not file any opposing affidavits explaining why the five-plus months that had elapsed did not provide sufficient time for discovery, nor did

---

[3] Jordan's Complaint was served on the defendants on or about November 16, 2001. Because service was by mail and waiver, the defendants had 60 days, i.e. until January 15, 2001, to respond. See Fed. R. Civ. P. 4(d). On January 9, 2001, the defendants requested and received an additional approximately 60 days to respond to the Complaint. The defendants filed a motion to dismiss on March 12, 2001, which the defendants withdrew April 6, 2001. Less than five weeks later -- May 10, 2001 -- the case was assigned to mediation.

[4] The Jordans' reliance in this regard on Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002), is misplaced. That case addressed not the standard for evaluating a notion for summary judgment but, rather, the proper resolution of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenging the sufficiency of the pleadings.

7

they file any Rule 56(f) motion or place into the record any explanation of why such affidavits were unavailable. Moreover, they did not file a motion with the district court to forestall consideration of the motion for summary judgment or any substantively equivalent motion. Given all this, particularly that the Jordans had at least five months to conduct discovery and then agreed to stay discovery pending the resolution of the summary judgment briefing, we cannot now say that the district court abused its discretion in determining that the summary judgment motion was ripe for resolution.

Affirmed.