NORTHERN INSURANCE COMPANY
OF NEW YORK

v.

William REILLY

No. CIV.A. 03CV5468.

United States District Court,
E.D. Pennsylvania.

July 1, 2004.

Glenn A. Ricketti, Margolis Edelstein, Philadelphia, PA, for Plaintiff.

Gary I. Spivack, Solomon Sherman & Gabay, Philadelphia, PA, for Defendant.

### *MEMORANDUM AND ORDER*

SAVAGE, District Judge.

In this declaratory judgment action, the question is whether a forklift is a covered "auto" as defined in the business insurance policy that Northern Insurance Company ("Northern") issued to defendant William Reilly's employer, S. Walter Packaging Corporation ("Walter"). Northern submits that under the policy, Reilly is not an "insured" because the forklift he was operating at the time he was injured is not a covered "auto." Reilly has not opposed Northern's motion.[1]

The facts are not in dispute. Thus, our inquiry is confined to interpreting the insurance policy.

After reviewing the record and the insurance policy, we conclude that Reilly is not covered by Walter's policy for uninsured motorist benefits. Accordingly, we shall grant summary judgment in favor of Northern.

### Background

On December 5, 1997, Reilly was injured on the job when the forklift he was operating fell out of the back of a truck. Reilly alleges that his injuries were caused by the

---

1. In a letter to the Court, Reilly's attorney stated that the defendant admitted all facts and had no legal precedent to present. Letter from Gary I. Spivack to The Honorable Timothy J. Savage (May 13, 2004). Even though Reilly has not filed any opposition to North- ern's motion, we shall determine whether granting summary judgment is appropriate, examining the facts set forth in the motion and ensuring that they entitle Northern to judgment as a matter of law. *See Lorenzo v. Griffith,* 12 F.3d 23, 28 (3d Cir.1993).

truck driver's negligence when the truck driver moved the truck suddenly, causing the forklift to fall.

The truck was covered by Reliance Insurance. Because Reliance is in liquidation, Reilly made an uninsured motorist claim against Northern under his employer's business automobile policy.

## Analysis

▉▉▉ The interpretation of an unambiguous insurance contract is a matter of law. *Reliance Ins. Co. v. Moessner,* 121 F.3d 895, 900 (3d Cir.1997). In evaluating whether a policy is unambiguous, we review the contract as a whole to determine whether it is "reasonably susceptible of different constructions and capable of being understood in more than one sense." *Id.* (citation omitted). If the terms are clear and unambiguous, the plain and ordinary meaning of the policy language governs the coverage inquiry. *Progressive N. Ins. Co. v. Schneck,* 572 Pa. 216, 813 A.2d 828, 831 (2002). When a word is specifically, clearly and unambiguously defined within an insurance policy, that definition controls. *Peerless Dyeing Co. v. Indus. Risk Insurers,* 392 Pa.Super. 434, 573 A.2d 541, 544 (1990).

At the time of Reilly's accident, Walter was covered by a Business Auto Policy issued by Northern. *Mot. Summ. J.* Ex. B. It afforded type "6" uninsured motorists coverage. *Mot. Summ. J.* Ex. A. Type "6" coverage is defined as covering "[o]nly those 'autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage." *Mot. Summ. J.* Ex. B at 1.

▉▉▉ At the time of the accident, Reilly was operating a forklift. *See Mot. Summ. J.* Ex. E (Reilly's Answers to Interrogato-

ries). Under the policy, a forklift is specifically excluded from coverage. An "auto" is defined as "a land motor vehicle, trailer or semitrailer designed for travel on public roads but does not include 'mobile equipment.' " *Mot. Summ. J.* Ex B at 8. "Mobile equipment" includes "any of the following types of land vehicles ...: Bulldozers, farm machinery, *forklifts* and other vehicles designed for use principally off public roads ...." *Id.* at 9. (emphasis added).[2] Therefore, reading the clear and unequivocal definitions of "auto" and "mobile equipment" together, we conclude that a forklift is not a covered "auto" under the policy.

## ORDER

**AND NOW,** this 1st day of July, 2004, upon consideration of the unopposed Motion for Summary Judgment of Plaintiff, Northern Insurance Company of New York (Docket No. 9), it is **ORDERED** that the motion is **GRANTED.**

**JUDGMENT** is entered in favor of plaintiff Northern Insurance Company of New York and against defendant William Reilly.

**IT IS DECLARED** that:

1. At the time of the December 5, 1997, accident, defendant William Reilly was not operating a covered auto and was not an insured under the policy of insurance issued by Northern Insurance Company of New York to S. Walter Packaging Corporation, policy number EPA 14930946;

2. Plaintiff Northern Insurance Company of New York did not provide defendant William Reilly uninsured motorist coverage under policy number EPA

---

**2.** Mobile equipment that is being carried or towed by a covered auto is considered an "auto." *Mot. Summ. J.* Ex. B at 2. This provision is not relevant because the forklift was not being carried or towed by a covered auto.

14930946 for any injuries or damages arising out of the December 5, 1997, accident.