

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-8-2005

# Hamburg Music Corp v. Winter

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2738

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hamburg Music Corp v. Winter" (2005). *2005 Decisions.* Paper 563.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/563

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2738

———

HAMBURG MUSIC CORP., a New Jersey Corporation,
Appellant

v.

ROBERT WINTER; ROBERT K. THOMPSON; DAVID M. GAVIN; RONALD
CAVANAUGH; CHERYL FULMER; HAROLD FOX; THOMAS MCDONALD;
JON DOE, (being a fictitiously named individual)

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 03-cv-01226
District Judge:  The Honorable  Faith S. Hochberg

———

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

———

Before: ROTH, RENDELL, and BARRY, Circuit Judges

———

(Opinion Filed:  September 8, 2005 )

———

OPINION

———

BARRY, Circuit Judge

This is an appeal from the District Court's order denying Hamburg Music

Company's ("HMC") motion to reinstate its complaint. HMC timely appealed. For the following reasons, we will affirm.

**I.**

We will discuss the factual background and procedural history in some detail because they directly relate to our disposition of this appeal.

This litigation stems from HMC's failure to pay New Jersey state taxes. On July 6, 1995, the State of New Jersey Division of Taxation ("Division") sent HMC a "Notice and Demand" for payment of outstanding taxes in the amount of $87,867.64. The notice stated that HMC's failure to pay these taxes could result in, among other things, a "certificate of debt . . . for unpaid tax, penalty, interest, and cost of collection[.]" A76. In addition, the notice warned HMC that a "failure to exercise any hearing and appeal rights" or to pay the outstanding tax would force the Division to "levy upon and sell [HMC's] real and/or personal property" for "payment of the tax" owed. Id.

HMC did not formally contest the notice, and the State never received full payment of the unpaid taxes. Consequently, on November 2, 1995, a "Certificate of Debt" and a "Judgment" were entered in the Superior Court of New Jersey against HMC. A86. The following day, the Division sent HMC a notice warning HMC that "said Judgment, if not satisfied, may be executed upon without further notice to the defendant." A88.

Over three years later, on January 22, 1998, the Division sent HMC a letter stating that it had seized HMC's liquor license, and that it would sell the license at a public

2

auction and apply the proceeds to HMC's tax liability unless the Division received "payment in full [with interest and costs] . . . totalling $141,323.50." A90. HMC did not pay, and the liquor license was subsequently sold at auction.

HMC filed a complaint in the Tax Court of New Jersey ("Tax Court") against the Director of the Division ("Director").[1] HMC requested an order voiding the sale of its liquor license or, alternatively, compensatory damages for the "unlawful deprivation of its property without proper notice in violation" of state law and "without due process of law as required by . . . [the] United States Constitution." A103.

HMC subsequently moved to amend its complaint to include an additional count pursuant to 42 U.S.C. § 1983, alleging that "the execution and sale [of the liquor license] deprived plaintiff of due process." A114. The Tax Court denied the motion to amend. Shortly thereafter, the Tax Court granted the Director's motion to dismiss the complaint with prejudice, concluding that HMC's complaint was untimely.

HMC then appealed to the Appellate Division of the Superior Court, which affirmed the dismissal. Significantly, the Appellate Division noted that there was "no factual foundation for plaintiff's argument that the procedures followed by the Division of Taxation in this matter violated its right to procedural due process." A155.

After failing to persuade the state courts that its procedural due process rights had

---

[1]Prior to filing a complaint in the Tax Court, HMC requested a hearing regarding the seizure and sale of its liquor license. Because the protest was untimely, the Division denied the request. A100.

been violated by the Division, HMC filed a complaint in the United States District Court for the District of New Jersey against Robert Winter, Robert Thompson, David Gavin, Ronald Cavanaugh, Cheryl Fulmer, Harold Fox, Thomas McDonald, and John Doe ("Defendants"), all of whom were, at the time the complaint was filed, employees of the Division. HMC again alleged its procedural due process rights were violated – now, by these defendants – by the seizure and sale of its liquor license at auction without advance notice. HMC did, however, add some new twists, averring, for example, that its failure to timely file a protest was caused by defendants' misconduct and misrepresentations. A6. HMC sought damages, attorneys fees, costs of suit, and interest for the alleged violations of its constitutional rights.

HMC, however, did not properly serve defendants. This led the District Court, on October 30, 2003, to issue a "Notice of Call for Dismissal" pursuant to Local Rule 41.1(a) for failure to prosecute. A15. The notice informed the parties that a hearing would be held to determine if HMC's failure to prosecute warranted dismissal of its complaint. Prior to the hearing, HMC served defendants properly but, remarkably, HMC's counsel failed to appear at the hearing. Thus, on January 14, 2004, the District Court dismissed HMC's complaint for failure to prosecute.

On February 18, 2004, HMC filed a motion to vacate the dismissal "and restore this matter to the active trial list." A17. The District Court heard argument as to "whether there's sufficient excusable bases upon which to reinstate the complaint."

4

A245. The Court, in an oral opinion, concluded that "no legitimate excuse [was] offered for not beginning the process of serving the complaint until seven months after the filing of the complaint." A244-245. It then turned its attention to whether HMC's complaint, even if it was reinstated, would be dismissed on the basis of *res judicata* or qualified immunity. The Court determined that HMC's complaint would be dismissed, and so, by order of May 13, 2004, denied the motion to reinstate.

## II.

The District Court had jurisdiction over HMC's claims under 28 U.S.C. § 1331 and we have jurisdiction to review the final order of the District Court under 28 U.S.C. § 1291. *See Hill v. City of Scranton*, 411 F.3d 118, 124-25 (3d Cir. 2005). We review the District Court's denial of HMC's motion to reinstate for abuse of discretion. *See Lorenzo v. Griffith*, 12 F.3d 23, 26 (3d Cir. 1993).

## III.

HMC raises three arguments on appeal. First, it argues that the District Court erred by sua sponte converting HMC's motion to vacate the dismissal and reinstate the complaint into a motion to dismiss for failure to state a claim. Second, it contends that the doctrine of *res judicata* does not apply under the circumstances of this case. Third, it maintains that the District Court erred in finding that defendants were entitled to qualified immunity because the complaint alleged facts that evidenced violations of HMC's constitutional rights by defendants.

5

### A.    *Motion to Reinstate*

After the District Court dismissed HMC's complaint for failure to prosecute, HMC moved to reinstate the complaint, claiming that it "states a claim for deprivation of procedural due process and is not barred by the defenses of either absolute or qualified immunity." A29.  This motion was opposed by defendants, and both sides submitted briefs.  Because the briefs discussed legal issues as if the complaint had, in fact, already been reinstated, the District Court treated the briefs as "akin to a motion to dismiss." A158.

After hearing oral argument, the District Court denied HMC's motion to reinstate. HMC argues that the Court impermissibly converted its motion into a motion to dismiss. We disagree.  What the Court <u>did</u> do was to decide, prior to denying the motion to reinstate, that it would investigate whether the case would require dismissal down the road because of either *res judicata* or qualified immunity.  And, the Court explained, it wanted "to ensure that [HMC would not be] prejudiced by an attorney's neglect and that there is no miscarriage of justice" and thus decided to "look[] deeper into the matter[.]" A250.

The District Court ultimately concluded that "it would be futile to reinstate the complaint because it would thereafter immediately be subject to dismissal[.]" A254.  We cannot conclude that, in so doing, the Court abused its discretion.

**B.** _**Res Judicata**_

HMC's second argument is that the District Court erred by finding that _res judicata_ would bar the complaint. Our analysis of this argument is straightforward. "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." _Migra v. Warren City Sch. Dist. Bd. of Educ._, 465 U.S. 75, 81 (1984). Under New Jersey law, _res judicata_ will prohibit the relitigation of claims if: (1) the final judgment in the prior action was valid, final, and on the merits; (2) the parties in the later action are the same, or are in privity with those in the prior action; and (3) the claim in the later action grew out of the same occurrence as the claim in the earlier one. _See McNeil v. Legislative Apportionment Comm'n_, 828 A.2d 840, 859 (N.J. 2003). These requirements are easily satisfied here.

First, it is undisputed that there has been a "valid, final, and on the merits" prior state action.

Second, although the defendants in the state and federal actions are different, they are in privity with one another. In New Jersey, privity is "merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the _res judicata_." _Zirger v. General Accident Ins. Co.,_ 676 A.2d 1065, 1071 (N.J. 1996) (quotation and citation omitted). Moreover, New Jersey courts are more willing to find that parties are in privity if the plaintiff had a full and fair

7

opportunity to litigate its claims in the first action. *Id.*

The defendant in the state action was the Director of the Division, whereas the defendants in the federal action were other employees of the Division. Although HMC only named the Director in the state action, it was in effect challenging, at least in part, the acts of the individual defendants later named in the federal action. Consequently, as the District Court found, having different named defendants in the state and federal actions in the context of this dispute is "a distinction without a difference." A252. Thus, the relationship between the defendants in both actions is "close enough" to satisfy New Jersey's test for privity. In addition, HMC had a full opportunity to litigate its due process claims by extensively litigating before the Tax Court and the Appellate Division.

Finally, the federal action "grew out of the same occurrence as the claim in the earlier one." Both actions stemmed directly from the procedures employed by the Division and the conduct of the defendants when they seized and sold HMC's liquor license.

In sum, HMC argued before the Tax Court and the Appellate Division that the statute of limitations should have been tolled because its due process rights were violated when the Division failed to give it proper notice of the potential seizure and sale of HMC's liquor license. In its federal action, HMC essentially repackages the same factual and legal arguments raised and rejected by the New Jersey courts. As the District Court found

8

"During oral argument plaintiff's counsel conceded at various times that the same arguments had been urged in the state court, but that he had lost and that this court should revisit those issues and rulings. . . . The arguments are essentially the same, and the arguments all were or could have been raised in state court." A252.

We agree with the District Court. As such, this case could have and, presumably, would have been dismissed on the basis of *res judicata* had HMC's complaint been reinstated. After all, "[f]ederal litigation is not a *repechage* round for losers of earlier contests, or for those who overslept and missed the starters' gun." *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994).[2]

## IV.

For the foregoing reasons, we will affirm the May 13, 2004 order of the District Court denying HMC's motion to reinstate its complaint.

---

[2]Because we agree with the District Court that *res judicata* would bar this action, we need not address its qualified immunity analysis.