**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1232
_____

LISA MUMMA MORGAN,
Surviving Co-Executris and C-Trustee under the last
Will of Robert M. Mumma, deceased

v.

ROBERT M. MUMMA, II,

Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Middle District Pa. Civil Action No. 1-15-cv-00088)
District Judge: Hon. Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 28, 2017
_____

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*.

(Opinion filed: October 4, 2017)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Mumma, II appeals the District Court's denial of his motion to reinstate his complaint. We review the denial of a Rule 60(b) motion for abuse of discretion.[1] For the reasons below, we will affirm the judgment of the District Court.[2]

## I.

A motion under Rule 60(b) "must be made within a reasonable time—and for [reasons including mistake, inadvertence, surprise, or excusable neglect] . . . no more than a year after the entry of the judgment or order or the date of the proceeding."[3] The time limitation set forth in Rule 60 begins to run when the District Court makes the ruling that the Rule 60 motion intends to challenge.[4] If a party appeals the District Court's underlying decision, the movant should make the Rule 60 motion "while [that] appeal is still pending."[5]

Mumma was therefore required to file his Rule 60(b) motion within a year of the entry of the judgment. Here, the District Court remanded this action on May 4, 2015. Mumma did not file his 60(b) motion until December 27, 2016, well over a year from the

---

[1] *Lorenzo v. Griffith*, 12 F.3d 23, 26 (3d Cir. 1993).
[2] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.
[3] Fed. R. Civ. P. 60(c)(1).
[4] *Hancock Industries v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987).
[5] *Id.* (citation omitted) ("When an appellant in a civil case wishes to make a [Rule 60(b)] motion . . . while his appeal is pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion.").

court's order.  Accordingly, the motion was untimely, and we will affirm the District

Court's denial of the motion.[6]

**IV.**

For the aforementioned reasons, we will affirm the judgment of the District Court.

---

[6] Although he raises the issue of his motion for recusal of Judge Conner in his Brief, Mumma failed to include this issue in his notice of appeal.  *See* App. 1.  Accordingly, we do not need to address this matter.  Nonetheless, we note that it is clear that the District Court did not abuse its discretion in denying Mumma's motion for recusal.  *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) ("We review a District Court's denial of a motion for recusal for abuse of discretion.").  Mumma made his motion for recusal on January 26, 2016, more than eight months after Judge Conner remanded the case.  Judge Conner was not presiding over the case when Mumma made the recusal motion. Accordingly, the District Court correctly held that his motion was moot.