

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-3-2005

# USA v. Moya

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1537

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Moya" (2005). *2005 Decisions.* Paper 1588.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1588

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1537

UNITED STATES OF AMERICA

v.

EUCLIDES HERMINIO MOYA,
Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 01-cv-00283
District Judge:  The Honorable John C. Lifland

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2004

Before: ALITO, BARRY, and FUENTES, Circuit Judges

(Opinion Filed: January 3, 2005)

OPINION

BARRY, Circuit Judge

Appellant Euclides Hermino Moya ("Moya") seeks review of the District Court's

February 4, 2004 denial of his Rule 60(b) motion seeking relief from an order revoking

and setting aside his naturalization and cancelling his Certificate of Naturalization. We review the District Court's refusal to set aside its order for abuse of discretion, see Pridgen v. Shannon, 380 F.3d 721, 725 (3d Cir. 2004), and will affirm.

## I.

Because we write only for the parties, our discussion of the facts and circumstances underlying this appeal is limited. Moya signed and filed an Application for Naturalization on November 6, 1995 and became a naturalized citizen of the United States on May 14, 1996. Subsequently, in its Complaint to Revoke Naturalization, the United States sought to have Moya's naturalization revoked, pursuant to 8 U.S.C. § 1451(a), alleging, in Count I, that it was procured illegally and, in Count II, that it was obtained as a result of the concealment of material facts or a willful misrepresentation. The Complaint set forth a series of arrests and convictions which Moya failed to disclose on his Application, including an April 8, 1993 New Jersey conviction for receiving stolen property in the fourth degree, which the United States maintained qualified as a crime of moral turpitude, thereby rendering Moya ineligible for naturalization.

After Moya answered the Complaint, the United States moved for summary judgment. Pursuant to Appendix N to the Local Rules of the U.S. District Court for the District of New Jersey, the motion was treated as unopposed when Moya failed to timely serve papers in opposition. Ultimately, the District Court granted summary judgment in favor of the United States and ordered Moya's denaturalization. Moya did not appeal, but

instead invoked Rule 60(b)(1) and Rule 60(b)(6), seeking relief from the order granting summary judgment and permission to belatedly respond to the United States' motion for summary judgment. It is the denial of this relief that is the subject of Moya's appeal.

**II.**

Rule 60(b)(1) empowers a district court to relieve a party from a final judgment on the basis of demonstrated "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Moya argues that Rule 60(b)(1) should apply to relieve him of the consequences of failing to file a response to the summary judgment motion of the United States because he was "under the impression that the motion was being held in abeyance until . . . settlement negotiations were exhausted." Appellant's Br. at 7. Nothing in the record before the District Court even suggests that this "impression" was reasonable, and there is no evidence that a stay was requested from or granted by the District Court. Moreover, as required by Appendix N, the United States made reasonable efforts, in the form of telephone calls and a February 19, 2002 facsimile, to remind Moya's attorney of the impending deadline for filing papers in opposition to its motion. These reminders were ignored. The District Court acted well within its discretion when it refused to find that the failure to oppose the motion was the product of mistake, inadvertence, surprise, or excusable neglect.

Even if Moya could establish that his failure to oppose motion for summary judgment was in some way justified or excusable, he could not obtain relief under Rule

3

60(b)(1) because he failed to raise a viable defense on the merits before the District Court, and fails to raise one now. See Lorenzo v. Griffith, 12 F.3d 23, 27 (3d Cir. 1993). For example, he did not and does not now even suggest any defense to his conviction for receiving stolen property, a conviction which evidenced to the District Court's satisfaction that he lacked the requisite good moral character during the five-year period immediately preceding his Application for Naturalization.[1] See 8 U.S.C. § 1427(a)(3). That conviction, under N.J.S.A. § 2C:20-7 (requiring that the accused "knowingly receives" the property of another "knowing that it has been stolen, or believing that it is probably stolen"), clearly qualifies as a crime of moral turpitude. Leon-Reynoso v. Ashcroft, 293 F.3d 633, 636 (3d Cir. 2002) ("Courts have held that knowingly receiving stolen property is a crime of moral turpitude."). See also 8 U.S.C. § 1101(f)(3).

Moya's argument for the application of Rule 60(b)(6) is similarly without merit. A party seeking relief under § (b)(6) must demonstrate "extraordinary circumstances" such that, absent relief, "an extreme and unexpected hardship would occur." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993). While we recognize that, absent relief from the order of the District Court, Moya will be denaturalized, this result is neither extreme nor an unexpected hardship under the circumstances of this case; indeed, he tells us that he was "willing to forgo naturalization so long as he did not admit to willful

---

[1]Given our determination that Moya's naturalization was illegally procured on the basis of his inability to demonstrate good moral character, there is no need to consider the United States' alternative theory that it was procured through the concealment of material facts or willful misrepresentation.

4

conduct [and he would thereafter] reapply for naturalization." Appellant's Br. at 13. The District Court did not abuse its discretion in concluding that Moya failed to satisfy the requirements of Rule 60(b)(6).

## III.

The February 4, 2004 order of the District Court refusing to set aside the July 1, 2002 Order of Denaturalization will be affirmed.