

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2005

# James v. VI Water Power Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"James v. VI Water Power Auth" (2005). *2005 Decisions.* Paper 1567.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1567

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2278

———

SHERYL JAMES

<u>Appellant</u>

v.

VIRGIN ISLANDS WATER AND POWER AUTHORITY;
JAMES MATTHEW

———

On Appeal from the
District Court of the Virgin Islands
(D.C. No. 01-cv-00148)
District Judge: Honorable Raymond L. Finch, Chief Judge

———

Argued December 14, 2004
Before: SLOVITER, FUENTES, and GREENBERG, <u>Circuit
Judges</u>.

(Filed:   January 12, 2005)

Lee J. Rohn
K. Glenda Cameron (Argued)
Law Offices of Lee J. Rohn
Christiansted, St. Croix
U.S. Virgin Islands

        Attorneys for Appellant

Lorelei Farrington-Watson

Ishmael A. Meyers, Jr. (Argued)
St. Thomas
U.S. Virgin Islands

 Attorneys for Appellees

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.


 Sheryl James brought suit under Title VII, among other things, against the Virgin Islands Water and Power Authority and James Matthew for claims arising out of the sexual harassment she alleges to have suffered while employed at the Power Authority. The defendants filed a motion to dismiss the suit and, after receiving two extensions to oppose the motion, James failed to file any opposition. The motion to dismiss was eventually granted by the District Court and James did not appeal. Almost one year after the motion was granted, James moved, under Rule 60(b), for relief from the judgment, arguing that the District Court applied the wrong standard in dismissing her claims. The Court denied the motion, in part because it found that Rule 60(b) could not serve as a substitute for appeal from the judgment of dismissal. James

2

appeals the denial of her Rule 60(b) motion. Because we agree with the District Court that such a motion cannot serve to correct legal error, at least after the time for appeal has run, we will affirm.

I.

Sheryl James was hired and began work with the Virgin Islands Water and Power Authority (the "Power Authority") on March 27, 1998. Defendant James Matthew ("Matthew") was her supervisor at all times relevant to this case. James alleges that, on or about October 1998, Matthew made sexual advances towards her. After she communicated to him that the advances were unwelcome, she alleges that he retaliated by ceasing all communications with her, verbally abusing her in the presence of others, and tampering with her time sheets to deprive her of pay for the full time that she worked. She complained to the Power Authority about this conduct on several occasions, but she asserts that nothing was done to ameliorate the situation. However, the Power Authority did attempt to hold a hearing on September 6, 2000 to clarify the matter, but James apparently walked out of the meeting because she found it unacceptable to have to discuss the charges in Matthew's presence. Finally, the Power Authority

3

terminated her on December 1, 2000.

James filed a complaint with the EEOC. The EEOC was unable to determine that a Title VII violation was conclusively established, and sent James a right-to-sue letter. On August 30, 2001, James commenced suit in the District Court of the Virgin Islands against the Power Authority and Matthew (hereinafter collectively referred to as the "Authority") for various intentional torts, negligence, slander, and breach of contract. On March 4, 2002, the Authority filed a motion to dismiss the suit and, in the alternative, a motion for summary judgment. James received two extensions to her time to respond to the motion because her attorney was struck with severe health problems and a death in the attorney's loved-one's family. In both grants of extension, the Magistrate Judge made clear that he was unwilling to extend further the time for opposition. Accordingly, the Magistrate Judge refused to grant a third extension, the request for which was filed one day after James' response was due. James moved for reconsideration of the refusal to grant the third extension but the Magistrate Judge reaffirmed his decision. Finally, on February 20, 2003, the District Court granted the Authority's motion to dismiss

4

in its entirety, dismissing any and all Title VII claims and refusing to exercise supplemental jurisdiction over the local claims.[1] The Court noted that the "plaintiff carries the initial burden of establishing a prima facie case of unlawful sex discrimination" and concluded that James had "not attempted to make such a showing" and that she "not only fail[ed] to set forth facts in support of the . . . elements of a Title VII claim, [she] fail[ed] to set forth any allegations or claims whatsoever pursuant to Title VII." App. of Appellant at 151-52.

On February 19, 2004, James filed a Rule 60(b) motion in the District Court for relief from judgment, one day before the one-year deadline for filing motions under Rule 60(b)(1)-(3) would have expired. The motion requested that the dismissal of the case be set aside under Rule 60(b)(1) because it was a result of the mistake, inadvertence, or excusable neglect on the part of both sides' attorneys and the Court for not considering the Supreme Court's decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002). Alternatively, the motion sought the same relief under Rule 60(b)(6) in the interests of justice. The District Court denied

---

[1]Notably, James' non-federal claims were dismissed for lack of supplemental jurisdiction and have been re-filed in Territorial Court.

the motion, noting that James failed to offer a compelling reason to reopen the case, and suggesting that the correct avenue to challenge the correctness of the dismiss was through appeal. James appeals the denial of her Rule 60(b) motion.

II.

Rule 60(b), in relevant part, reads, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

James contends that the District Judge failed to conduct the required excusable neglect analysis and that the case should be reversed and remanded on that ground. See In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 182 (3d Cir. 2000) (finding that "[o]n [a party's] Rule 60(b) motion, the District Court should properly have entertained an analysis of the factors [from Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)] constituting 'excusable neglect' to determine whether [the party] had met them. To fail to do so is a failure on the part of the

District Court to properly apply the law to the facts of this case and provides grounds for reversal on the basis of abuse of discretion."). Undoubtably, the Court did not consider any of the Pioneer factors in rejecting her Rule 60(b)(1) motion. However, unlike in Cendant, in which the district court failed to consider the factors before finding that the neglect proffered by the movant was not excusable (and therefore conducted an insufficient excusable neglect analysis), here the District Court found it unnecessary to engage in the excusable neglect analysis at all. The District Court's order explaining its denial of Rule 60(b) relief suggests that the Judge found both (1) that the error of law alleged by James was not in fact error and (2) that the alleged neglect was not of the character cognizable under Rule 60(b). See App. of Appellant at 275-77. We consider the latter reason first, as it relates to the general propriety of the motion rather than its merits. However, it is necessary to parse James' allegations of mistake or neglect before proceeding any further in the analysis.

### A. James' Contentions of Mistake or Neglect

James cites, as neglect or mistake, alleged errors by the

7

District Court, opposing counsel, and her own counsel. With respect to the Court, James states that it erred in not considering Swierkiewicz and in not properly analyzing the Rule 60(b) motion.[2] This "neglect" ascribed to the Court is an allegation of pure legal error, in applying the incorrect standard to James' pleadings. She also contends that the Magistrate Judge erred in denying James a third extension on the time to file her opposition to the motion to dismiss. The "neglect" of the Magistrate Judge cannot fairly be characterized as erroneous, as he denied the extension as an exercise of discretion, and had previously noted (when granting the preceding extensions) that he was unwilling to further extend the time and that even the second extension "pushe[d] the limits." App. of Appellants at 42 n.1. James concedes that the denial of the extension and the refusal to accept the late filing were within the Magistrate Judge's discretion. See, e.g., Reply Br. of Appellant at 23.

James faults opposing counsel in not citing to Swierkiewicz in her motion to dismiss, noting that attorneys have a duty to cite

---

[2]The latter contention is, of course, irrelevant to the merits of the Rule 60(b) motion, as consideration of that issue is the purpose of this appeal.

controlling precedent, including precedent contrary to their own arguments. Opposing counsel's alleged "neglect" is not actually neglect at all, in that the correct standard was cited. In its brief in support of its motion to dismiss, the Authority does not cite to any heightened pleading standard. In fact, the brief cites the liberal Rule 8 standard, and thus comports with Swierkiewicz, obviating the need to actually cite the decision. See App. of Appellant at 23.

Finally, James describes her counsel's error as failing to meet the deadline for filing her opposition to the motion to dismiss and failing to apprise the District Court of Swierkiewicz. The failure of James' counsel to file timely opposition to the motion to dismiss would qualify as neglect, meriting the Pioneer analysis. Cf. Lorenzo v. Griffith, 12 F.3d 23, 27 (3d Cir. 1993) (employing excusable neglect analysis in the context of a failure to file timely discovery requests). However, James does not adequately allege counsel's failure to file opposition as an independent ground for relief from the failure to cite Swierkiewicz. James' arguments with respect to counsel's neglect all refer to the consequence of the mistake as not providing the Court with the correct standard by which to judge the motion. However, as noted, the Authority's

9

motion papers correctly describe the standard. In addition, the District Court's denial of James' Rule 60(b) motion makes it clear that the Court believed that it applied the correct standard and that it did not dismiss the case as a direct result of the lack of opposition from James. Therefore, it appears that James is not offering the failure to file opposition as an independent ground to grant relief from judgment, but rather as another reason why the Court made an erroneous ruling. This idea is reinforced by James' statements that "[s]he made a timely Motion for Relief from Order upon learning that she had grounds," Br. of Appellant at 17, and that "she could not have brought the error to the court's attention any earlier because her counsel failed to recognize the error until recently," App. of Appellant at 250. These statements clearly point to the failure of the Court to consider <u>Swierkiewicz</u> as the true error, and directly imply that counsel would not have cited that case in her opposition to the motion to dismiss (as she was unaware of it at that time). Cast in that light, the failure to file opposition is not, by itself, a stated ground for granting relief.

B. The Significance of Legal Error Under Rule 60(b)

As noted above, James' contention of neglect is that the

District Court applied the wrong standard in granting the Authority's motion to dismiss. Accordingly, before addressing the merits of this claim, we must decide whether such a contention of legal error can support a Rule 60(b) motion.

This Court has stated that a "Rule 60(b) motion may not be used as a substitute for an appeal, and that legal error, without more does not warrant relief under that provision." <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 (3d Cir. 2003) (quotation omitted); <u>accord</u> <u>Smith v. Evans</u>, 853 F.2d 155, 158 (3d Cir. 1988).

As James points out, the precise bounds of this prohibition in the context of Rule 60(b)(1) are unclear. In <u>Page v. Schweiker</u>, 786 F.2d 150, 155 & n.3 (3d Cir. 1986), this Court set forth the positions of the other circuits on this issue: "some courts have held that legal error without more cannot be corrected under Rule 60(b)[, o]thers have held that legal error may be characterized as 'mistake' within the meaning of Rule 60(b)(1), but only where the motion is made . . . within the time allowed for appeal." <u>Page</u>, 786 F.2d at 154-55 (citations omitted). The Court noted that these positions were justified "under well-established principles [that] Rule 60(b) is not a substitute for an appeal" and explained that

11

"[w]ere the rule otherwise, the time limitations on appeal set by Fed.R.App. P. 4(a), and on motions to alter or amend judgments under Fed.R.Civ.P. 59(e), would be vitiated." Id. at 154. However, because the Court decided Page on other grounds, it stated that "[t]his court has yet to decide this issue, and we do not do so now." Id. at 155 (footnote omitted). James argues that Page leaves open the possibility that legal error may be corrected under Rule 60(b)(1). The language in Fiorelli and Evans with respect to legal error and Rule 60(b), however, appears to foreclose this argument. At most, Page could be read to allow for the possibility that legal error could be addressed under Rule 60(b)(1) if a motion is made before the time for appeal has run. Here, James' motion was filed well after the expiration of the window for appeal, and therefore Rule 60(b)(1) offers her no relief.[3]

There is absolutely no ambiguity over whether Rule 60(b)(6) may be used to correct legal error. This Court has unequivocally

---

[3]James argues that she should not be penalized for failing to raise Swierkiewicz until after time for appeal had run, because her counsel failed to discover the case until then. See App. of Appellant at 227-28, 248. This actually undermines her argument, as it suggests that the proper avenue for the relief that she seeks would be an appeal, but that it was too late to file an appeal so she is trying to use Rule 60(b). This sort of behavior is precisely what the rules above attempt to curtail.

stated that "'[s]ince legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6).'" Pridgen v. Shannon, 380 F.3d 721, 728 (3d. Cir. 2004) (quoting Martinez-McBean v. Gov't of V.I., 562 F.2d. 908, 912 (3d Cir. 1977)); Page, 786 F.2d at 155 n.3.  Therefore, neither Rule 60(b)(1) nor Rule 60(b)(6) can provide James the relief that she desires.

III.

For the reasons discussed above, we agree with the District Court that Rule 60(b) is an improper vehicle for James to present her legal challenges to the Court's dismissal of her claims. Accordingly, we will affirm the District Court's denial of the Rule 60(b) motion.