

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# Ibarra v. WQSU Radio

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3050

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ibarra v. WQSU Radio" (2007). *2007 Decisions.* Paper 1589.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1589

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-121                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3050
_____

FELIX IBARRA,

Appellant

v.

W.Q.S.U. RADIO BROADCAST ORG.
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 06-cv-00195)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
February 8, 2007

Before: SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed February 20, 2007)

_____

OPINION
_____

PER CURIAM

        Felix Ibarra, a prisoner proceeding in forma pauperis, appeals from the district

court's order denying his motion under Federal Rule of Civil Procedure 60(b).  For the

following reasons, we will dismiss Ibarra's appeal.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

Ibarra filed a complaint against W.Q.S.U. Radio Broadcast Org. (W.Q.S.U.) with the district court on January 31, 2006, alleging that disk jockeys working for the radio station failed to award him a prize, or prizes, to which he was entitled for winning a station-sponsored art contest. In an order entered on March 8, 2006, the district court dismissed Ibarra's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Ibarra subsequently filed a "motion for leave of court to re-open the above case no. for action de novo" (motion for leave of court) invoking Federal Rule of Civil Procedure 6(b) on June 1, 2006. In an order entered June 13, 2006, the district court, construing Ibarra's request as one under Federal Rule of Civil Procedure 60(b), denied Ibarra's motion. Ibarra filed a timely notice of appeal.

Ibarra's appeal is timely only as to the issues he raised in his motion for leave of court filed pursuant to his timely Rule 60(b) motion.[2] To the extent that Ibarra seeks an appeal from the district court's March 8 order dismissing his underlying complaint against W.Q.S.U., this court lacks jurisdiction to hear that appeal. Ibarra's notice of appeal was filed on June 13, 2006, long after the thirty-day period for filing a notice of appeal from the court's order expired. See Fed. R. App. P. 4(a)(1)(A). Ibarra did not file

---

[1] The district court also declined to exercise supplemental jurisdiction over Ibarra's state law claims. See 28 U.S.C. § 1367(c)(3).

[2] In contrast to a Rule 59 motion, which must be filed within 10 days, Rule 60(b) motions need only be brought "within a reasonable time," and under some circumstances, within one year.

any document which could be construed as a notice of appeal within the thirty-day time frame, nor did he file any document which could be construed as seeking to extend or reopen the time to appeal pursuant to Federal Rules of Appellate Procedure 4(a)(5) or (6). Further, Ibarra's motion for leave of court itself could not toll the thirty-day period because it was filed more than ten days (excluding immediate weekends) after entry of the March 8 order.  Cf. Fed. R. App. P. 4(a)(4)(iv), (v), and (vi).

We review the denial of a motion for Rule 60(b) relief for abuse of discretion.[3] See Lorenzo v. Griffith, 12 F.3d 23, 26 (3d Cir. 1993).  A district court abuses its discretion where its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."  Morris v. Horn, 187 F.3d 333, 341 (3d Cir. 1999).  Rule 60(b) relief is available "only in cases evidencing extraordinary circumstances."  Id.; see also Sawka v. Healtheast, 989 F.2d 138, 140 (3d Cir. 1993) ("Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.")  We have held that a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion. See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (holding that a motion pursuant to Rule 60(b) is not a substitute for appeal or a vehicle for needlessly repetitive reconsideration of previously rejected legal theories).

---

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

A review of Ibarra's motion reveals that none of the bases for a Rule 60(b) motion were met.[4]  Further, though we find that the district court reasonably construed Ibarra's motion as one brought under Rule 60(b), it was surely no abuse of discretion for the court to reject arguments that it had already considered and rejected when addressing Ibarra's initial complaint.

Ibarra's appeal lacks arguable legal merit.  For this reason, his appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

---

[4] Rule 60(b) provides for relief from a judgment or order based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment.