

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2007

# Choi v. Kim

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Choi v. Kim" (2007). *2007 Decisions*. Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1993

———

EUN HEE CHOI,
                                        Appellant

v.

JASON KIM

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-4815)
District Judge: Honorable Joel A. Pisano

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2007

Before: RENDELL, GREENBERG, and VAN ANTWERPEN, Circuit Judges

(Filed: December 14, 2007)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Appellant Eun Hee Choi appeals the March 1, 2006 Order of the District Court

denying Choi's "Motion to Reinstate Action."  The District Court had diversity

jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). We have appellate jurisdiction to review the District Court's Order pursuant to 28 U.S.C. § 1291, and for the reasons set forth below, we will affirm the District Court.

## I.

Because we write solely for the benefit of the parties, we will set forth only those facts necessary to our analysis.

Eun Hee Choi, a New Jersey citizen, filed a Complaint on September 30, 2004, alleging that defendant Jason Kim, a resident of New York, had physically assaulted her. On December 21, 2004, in response to Choi's failure to serve Kim with the Summons and Complaint, the District Court issued a call for dismissal pursuant to Fed. R. Civ. P. 4(m). Neither Choi nor counsel for Choi responded to the call for dismissal, and the action was dismissed on January 12, 2005. On January 25, 2005, Choi's counsel filed a declaration of substitute service. Choi then filed a motion to reopen the lawsuit on March 30, 2005, and attached to the motion a declaration documenting the failed efforts to serve Kim. On April 7, 2005, the District Court granted Choi's motion and reopened the case.

Following the District Court's Order reopening the case, Choi requested and received a default, which was entered by the clerk on June 7, 2005; Choi further requested a hearing before a jury as to damages. The District Court construed Choi's request as a motion for a default under Fed. R. Civ. P. 55(a) and for a default judgement under Fed. R. Civ. P. 55(b). *See* App. at 19. On June 28, 2005, the District Magistrate

2

Judge denied the Rule 55(b) motion, finding that service was not properly effectuated. The Judge also removed the default and ordered Choi to serve Kim by August 30, 2005. Choi never complied with the Order or entered any objection. *See id.* On January 10, 2006, the District Court again issued a call for dismissal; the deadline for a response was January 23, 2006. When Choi's counsel failed to respond once again, the case was dismissed without prejudice pursuant to New Jersey Local Civil Rule 41.1.

On January 30, 2006, Choi's counsel filed a motion, entitled "Motion to Reinstate Action," contesting the dismissal. Choi's counsel contended that he believed the case to still be "in a state of default." *See id.* He further contended that the District Magistrate's Order lifting the default was "moot," and that the failure of the District Court to rule on the motion for a jury determination of damages, rather than his failure to prosecute the case or respond to the calls for dismissal, caused the delays. Additionally, Choi's counsel averred that he was in Korea from January 19-29, 2006, on business unrelated to the instant matter, and that as a result of his absence, he could not respond to the call for dismissal or move for an extension of time. He did not explain why he could not have responded to the Court's request sometime between January 10 and January 19.

Viewing the "Motion to Reinstate Action" as a motion for relief from a final judgment under Fed. R. Civ. P. 60(b) or, alternatively, as a motion to reconsider under Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(I), the District Court denied Choi's motion and upheld the dismissal of the case on March 1, 2006.

3

## II.

Because we agree with the District Court's characterization of Choi's motion,[1] we review the District Court's ruling on the motion under the generally deferential standard of review applied to such rulings. *See Lorenzo v. Griffith*, 12 F.3d 23, 26 (3d Cir. 1993) (Rule 60(b) motions); *Le v. University of Pennsylvania*, 321 F.3d 403, 405-06 (3d Cir. 2003) (Rule 59(e) motions). A District Court's denial of a Rule 60(b) motion will be upheld unless the Court abused its discretion. *See Lorenzo*, 12 F.3d at 26. Similarly, we review the denial of a Rule 59(e) motion for abuse of discretion where, as here, the motion is not based on an "interpretation and application of a legal precept." *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). A District Court abuses its discretion where its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999).

## III.

Choi's "Motion to Reinstate Action" requested relief from the District Court's Order dismissing her case without prejudice on January 23, 2006. We hold that the

---

[1]It is the relief desired, rather than the title of the motion itself, that governs how the Court should construe the character of a motion. *See United States v. Contents of Account Numbers 3034504504 and 144-07143 at Merrill, Lynch, Pierce, Fenner, and Smith, Inc.*, 971 F.2d 974, 987 (3d Cir. 1992). Here, Choi sought review of the District Court's Order refusing to reopen Choi's case; thus, an action under either of these Rules would be appropriate.

4

District Court did not abuse its discretion in denying Choi's motion.

## A. Rule 60(b) Motion

Rule 60(b) provides that a party may seek relief from a final judgment, order, or proceeding based on any of six enumerated factors.[2] Rule 60(b)(1) permits an order or judgment to be set aside where there has been "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Counsel for Choi acknowledged that he had received the various rulings and notices from the District Court in a timely manner and had failed to respond to them. In light of these and other facts before the District Court, the District Court's conclusion that the failure to prosecute this matter was not the result of mistake, inadvertence, or surprise was not error.

The District Court's analysis concerning "excusable neglect" under Rule 60(b)(1) was well-reasoned, thorough, and consistent with this Court's precedent. In determining whether a party who has missed a deadline is entitled to relief from dismissal because of "excusable neglect," a court must look at the totality of the circumstances. *See George Harms Construction Co., Inc. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004). When evaluating whether a party's neglect in prosecuting its case was "excusable," courts

---

[2]Rule 60(b) provides, in pertinent part, that a court may, on the motion of a party, grant relief from a final order, judgment, or proceeding because of:
    (1) mistake, inadvertence, surprise, or excusable neglect; [or]
        . . .
    (6) any other reason that justifies relief.
*See* Fed. R. Civ. P. 60(b). Given the facts of this case, Choi's only potential relief under Rule 60(b) would be based on these two factors.

5

should consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *George Harms Construction*, 371 F.3d at 163 (adopting the *Pioneer* framework). In evaluating Choi's request, the District Court carefully weighed each *Pioneer* factor and considered Choi's failure to serve the defendant, the various failures to respond to the District Court's orders, the repeated delays by Choi's counsel, and the failure of Choi's counsel to respond with "reasonable haste" in opposing the call for dismissal. Given these repeated failures and delays, the District Court's finding that Choi, and in particular, Choi's counsel, acted with *in*excusable negligence was not error.

Similarly, the District Court's finding that relief was not appropriate under Rule 60(b)(6) was likewise not erroneous. Choi and Choi's counsel were partly to blame for the delays and missed deadlines, and nothing in the record compels the conclusion that such "extraordinary circumstances" exist as to warrant granting Choi's motion. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988).

The District Court's opinion clearly and carefully set forth the multiple failures of Choi's counsel to meet deadlines set by the District Court. *See In re Cendant Corp. PRIDES Litigation*, 235 F.3d 176, 182 (3d Cir. 2000) (imposing a "'duty of explanation'" on district courts when evaluating Rule 60(b) motions) . The District Court gave Choi

notice of all deadlines, and even provided a second opportunity to be heard before the matter was ultimately dismissed on January 23, 2006. Nothing in the record compels a conclusion that Choi's failure to prosecute her suit was due to anything except the repeated and inexcusable negligence of her counsel in failing to meet the deadlines set by the District Court.[3] As such, the District Court did not abuse its discretion in finding that Rule 60(b) does not permit relief from the Order dismissing the case.

*B. Rule 59(e) Motion*

Rule 59(e) provides that a party may file a motion[4] within ten days of the entry of the judgment requesting that the court alter or amend the judgment . *See* Fed. R. Civ. P. 59(e). A proper Rule 59(e) motion must be based on either an intervening change in controlling law, the availability of new or previously unavailable evidence, or the need to correct clear error or prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). The District Court in the instant case determined that none of the proper bases for a Rule 59(e) motion existed. Based on the foregoing facts and considerations, this conclusion was not erroneous, as the evidence

---

[3]The District Court, quoting *Pioneer*, noted that clients may be held accountable for their attorney's negligence. While it may seem inequitable that Choi should have her action dismissed despite the fact that the reasons for the dismissal appear to be solely related to her attorney's inexcusable negligence, we do note that the dismissal was *without* prejudice. As such, given that a 60(b) motion does not constitute a decision on the merits, Choi is free to refile this lawsuit (we express no opinion as to whether the statute of limitations has run).

[4] The New Jersey District Court's Local Rule 7.1(i) governs such motions.

does not compel a contrary conclusion.  Thus, to the extent Choi's motion can be considered a Rule 59(e) motion, the District Court did not abuse its discretion in denying the motion.

## IV.

We have considered all other arguments made by the parties on appeal,[5] and we conclude that no further discussion is necessary.  For the foregoing reasons, we conclude that the District Court correctly construed Choi's motion as a motion under Rules 60(b) and 59(e), and that the denial of these motions was not an abuse of the District Court's discretion.  As such, we will affirm the District Court's ruling.

---

[5]Choi's brief primarily claims that her case was dismissed with prejudice as punishment for missing court deadlines; she would have us employ the factors we set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) to determine if the District Court abused its discretion when it sanctioned her.  In evaluating Choi's argument, we note that the District Court explicitly dismissed this matter *without* prejudice.  We further recognize that the denial of a Rule 60(b) or 59(e) motion in cases like the instant case is not an adjudication on the merits.  *Poulis* thus does not apply, as this was not a punitive prejudicial dismissal like that addressed in *Poulis*.