John J. KORESKO, V; Pennmont Benefit Services, Inc., Appellants in 09–3685

v.

Jeff BLEIWEIS; Raymond Ankner; CJA and Associates, Inc; Metlife Insurance Company, f/k/a The Travelers Life and Annuity Company.

John J. Koresko, V; Pennmont Benefit Services, Inc,

v.

Jeff Bleiweis; Raymond Ankner; CJA and Associates, Inc.; Metlife Insurance Company, f/k/a The Travelers Life and Annuity Company.

Metlife Insurance Company, Appellant in 09–3812.

Nos. 09–3685, 09–3812.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Monday, Jan. 24, 2011.

Opinion Filed: March 28, 2011.

John J. Koresko, Koresko Law Firm, Bridgeport, PA, pro se.

Renee F. Bergmann, Esq., Craig R. Tractenberg, Esq., Nixon Peabody, New York, NY, for Jeff Bleiweis; Raymond Ankner; CJA and Associates, Inc; Metlife Insurance Company, f/k/a The Travelers Life and Annuity Company.

Before: McKEE, Chief Judfe, SMITH, Circuit Judge, and STEARNS,[1] District Judge.

## OPINION

McKEE, Chief Judge.

John Koresko appeals the district court's order denying his Rule 60(b) mo-

---

1. Honorable Richard G. Stearns, District Court Judge, United States District Court for the District of Massachusetts, sitting by designation.

tion to dismiss. MetLife Insurance Company cross-appeals alleging that the district court erred in denying its motion to dismiss pursuant to the Gist of the Action doctrine. For the reasons that follow, we will affirm the district court's order denying the Rule 60(b) motion; the cross-appeal is therefore moot.

## I.

Since we write primarily for the parties, we will only set forth those facts that are helpful to our brief discussion of the issues. On October 8, 2008, the court warned Koresko pursuant to Local Rule 41.1(a) that his suit would be dismissed due to inactivity unless he filed a written statement of his intention to proceed with the case within thirty days. On November 5, 2008, new counsel entered their appearance for Koresko and notified the court that they intended to proceed with the litigation. However, on November 18, 2008, the newly obtained counsel withdrew. On December 17, 2008 the court ordered Koresko to show cause why dismissal was not warranted. When the court did not hear from Koresko, it dismissed this action with prejudice.

Thereafter, Koresko filed a motion to vacate the dismissal, alleging that he had not received the December 17 order to show cause due to a clerical error.[2] On July 17, 2009, the motion was denied, but the court allowed Koresko an opportunity to file a renewed motion explaining why the case had been inactive since November

2005. Koresko filed the renewed motion to vacate the dismissal, and the court held a phone conference to discuss the motion with both parties. On August 18, 2009, the motion was denied because the court found that the proffered excuses were insufficient to justify the extraordinary delay in the case. This appeal followed.[3]

## II.

Koresko argues that dismissal was an abuse of discretion because the court did not consider the applicable factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir.1984), where we provided a framework for evaluating dismissals. However, Koresko is appealing the denial of the motion to vacate the dismissal, rather than the dismissal itself.[4] An appeal from the denial of a Rule 60(b) motion does not allow Koresko to appeal the final judgment dismissing the case. *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 161 n. 3 (3d Cir. 2004). Therefore, the factors in *Poulis* are not applicable.

In examining whether Koresko's dereliction here could constitute "excusable neglect", we must evaluate "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Factors to consider include: "[1] the danger of prejudice ... [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the

---

**2.** Koreskos's secretary spoke with the clerk of the court and determined that the order was not mailed to appellants because no contact information was provided on the docket and the attorneys had all been terminated.

**3.** We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion. *See Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 269 (3d Cir.2002).

**4.** While Koresko's motion to vacate did not cite to a specific rule, "it was filed beyond ten days of entry of judgment, [so] we view it as having been filed pursuant to Fed.R.Civ.P. 60(b)(1)." *Lorenzo v. Griffith*, 12 F.3d 23, 26 (3d Cir.1993).

delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*; *see also Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 183 (3d Cir.2008) (applying the factors from *Pioneer* ).

Here, the district court allowed Koresko ample opportunity to justify the extraordinary delay. The dismissal occurred more than seven years after the initial action was filed in state court, and more importantly, Koresko never moved the case beyond the discovery phase. Instead, since 2005, the only activity arose from a revolving door of various attorneys entering their appearance and then withdrawing from the case. Thus, the district court clearly did not abuse its discretion in denying Koresko's motion to reconsider. Koresko's attempt to resurrect his suit at this late hour is devoid of any merit.

As noted at the outset, MetLife Insurance Company filed a cross-appeal arguing that even if we do not reject Koresko's appeal, we should find that the district court erred in denying its motion to dismiss pursuant to Pennsylvania's Gist of the Action doctrine. Because we will reject Koresko's appeal, the cross-appeal will be dismissed as moot.

### III. Conclusion

For the foregoing reasons, we will affirm the district court's order denying the Rule 60(b)(1) motion, and dismiss the cross-appeal as moot.