NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3493
_____

MICHAEL BOSWELL, an Incapacitated Person by his Guardian Ad Litem ETHEL
BOSWELL; ETHEL BOSWELL, Individually,
Appellants

v.

STEVE EOON; KIRSTEN BYRNES; CHRISTINA EICKMAN; PTL. JAMES
FEISTER[1]; NEW BRUNSWICK POLICE DEPARTMENT; CITY OF NEW
BRUNSWICK; JOHN DOES, (#1 THRU #5)
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF NEW JERSEY
(D.C. Civ. Action No. 3:08-cv-05098)
District Judge: Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2011
_____

Before: FISHER, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed:  November 17, 2011)

_____

[1] The last name of Patrolman James Feaster was incorrectly listed as "Feister" in the complaint.

1

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Michael Boswell ("Boswell"), by and through his guardian ad litem, Ethel

Boswell, and Ethel Boswell, individually, appeal the District Court's June 8, 2010 Order

granting summary judgment in favor of Defendants Steve Eoon ("Eoon"), Kirsten Byrnes

("Byrnes"), Christina Eickman ("Eickman"), Patrolman James Feaster ("Feaster"), New

Brunswick Police Department ("Police Department"), City of New Brunswick (the

"City"), and John Does for claims arising under 42 U.S.C. § 1983 and state law.[2]

Boswell also appeals the District Court's August 8, 2010 Order denying his motion for

reconsideration. Boswell asserts that the District Court erred in denying his motion for

reconsideration, and in granting summary judgment, based on the conclusion that no

genuine issue of material fact[3] exists regarding his Fourteenth Amendment substantive

due process claims. We agree. For the following reasons, we will reverse the denial of

the motion for reconsideration and vacate the grant of summary judgment.

---

[2] The District Court's orders in this case solely address claims brought by Michael
Boswell. Only those claims are referred to in this opinion.

[3] Because Boswell's suit was filed prior to the December 2010 amendments to Fed. R.
Civ. P. 56, the question before the District Court at summary judgment was whether a
genuine issue of material fact existed. See Lamont v. New Jersey, 637 F.3d 177, 181 (3d
Cir. 2011) (noting that the current operative language under Fed. R. Civ. P. 56 is whether
there exists a "genuine dispute as to any material fact"). This change in language,
however, did not alter the summary judgment standard. Fed. R. Civ. P. 56 advisory
committee's note (2010).

2

# I. __BACKGROUND__

Because we write primarily for the benefit of the parties, we recount only the essential, undisputed facts.

On September 4, 2005, at approximately 1:50 a.m., Feaster approached Boswell, who was lying on a park bench, in Boyd Park, located in New Brunswick, New Jersey. Upon Feaster's request, Boswell produced an identification card providing his full name, social security number, and address. After determining that Boswell was in violation of a City ordinance prohibiting him from being in the park at that hour, Feaster issued him a summons and told him to leave the park. Boswell proceeded to head towards a canal that borders Boyd Park on the east, but Feaster redirected him towards Route 18 and its intersection with Commercial Avenue. As Boswell headed towards Route 18, Feaster observed Boswell tearing up the summons. After Boswell departed, Feaster discovered a half-empty quart bottle of alcohol under the bench where Boswell had been sitting. Although Feaster never saw Boswell drink from the bottle, Feaster believed that the bottle belonged to him. Feaster went back to his patrol car to write Boswell a second ticket for having an open container of alcohol. Feaster intended to serve the ticket by mail, rather than call for Boswell to come back to receive the ticket.

Upon leaving the park, Boswell attempted to cross Route 18, a heavily trafficked six-lane highway, against the traffic light. Boswell did not utilize pedestrian throughways to cross Route 18; instead, he walked outside of the crosswalk and into oncoming traffic. He was struck by two vehicles, driven by Eoon and Byrnes. Boswell was taken to Robert Wood Johnson University Hospital, where his blood alcohol level

3

was determined to be 0.24%. As a result of the accident, Boswell sustained traumatic brain injury that has left him unable to engage in conversation and dependent on the care provided by an assisted-living facility.

Boswell filed a complaint in the District Court for the District of New Jersey on August 24, 2007 and filed an amended complaint on September 9, 2008. He filed a second amended complaint, the operative complaint here, on July 2, 2009. Boswell asserted New Jersey state law claims against Eoon and Byrnes, the drivers, and Eickman, the owner of one of the vehicles. Boswell also alleged similar state law claims and federal civil rights violations, pursuant to 42 U.S.C § 1983, against Feaster, the City, and the Police Department (collectively, the "City Defendants"). As to Feaster, Boswell claimed that Feaster knew or should have known that Boswell was intoxicated and incapable of crossing Route 18 without sustaining injury. Boswell alleged that the City and the Police Department failed to properly train its police officers to handle intoxicated or homeless persons.

The City Defendants filed a motion for summary judgment, which the District Court granted on June 8, 2010. Construing Boswell's opposition to the City Defendants' statement of undisputed material facts (the "Opposing 56.1"), pursuant to D.N.J. L. Civ. R. 56.1, as an admission that Boswell did not appear to Feaster to be visibly intoxicated, the District Court concluded that there were no genuine issues of material fact regarding whether Officer Feaster had acted with deliberate indifference. The District Court reasoned that because the parties agreed that Feaster did not know that Boswell was

4

intoxicated when Feaster directed Boswell to leave the park via Route 18, Feaster could not have knowingly disregarded a risk to Boswell's safety.

In addition, the District Court concluded that Feaster was entitled to qualified immunity. Furthermore, because Boswell was unable to establish a constitutional violation, the District Court found that neither the City nor the Police Department could be held liable for Boswell's injuries and ruled that Boswell's claims against the City and the Police Department failed as a matter of law. The District Court declined to exercise supplemental jurisdiction over Boswell's state law claims.

On June 18, 2010, Boswell filed a motion for reconsideration in the District Court, arguing that the District Court erred in concluding that all parties agreed that Feaster did not observe Boswell to be visibly intoxicated. Boswell contended that he never agreed with the City Defendants' statement that he was not visibly intoxicated. The District Court denied Boswell's motion, concluding that he improperly sought to reargue factual issues already resolved. Boswell appealed both the grant of summary judgment and the denial of his motion for reconsideration.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, § 1343, and § 1367. This Court has jurisdiction under 28 U.S.C. § 1291.

We review an order granting summary judgment under a plenary standard of review and apply the same standard as the District Court to determine whether summary judgment was appropriate. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (citing Norfolk S. Railway Co. v. Basell USA Inc., 512 F.3d

5

86, 91 (3d Cir. 2008)). The denial of a motion for reconsideration is reviewed for an abuse of discretion, but underlying legal determinations are reviewed <u>de</u> <u>novo</u> and factual determinations for clear error. <u>Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.</u>, 602 F.3d 237, 246 (3d Cir. 2010) (citation omitted). We give deference to a district court's interpretation of its own local rules. <u>Gov't of Virgin Islands v. Mills</u>, 634 F.3d 746, 750 (3d Cir. 2011).

## III. <u>ANALYSIS</u>

### A.      Motion for Reconsideration

We begin with the District Court's denial of Boswell's motion for reconsideration. To succeed on a motion for reconsideration, a litigant must demonstrate one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Boswell argues on appeal that the District Court committed an error of law in denying his motion for reconsideration because it misapplied its local rules, construing his Opposing 56.1 as an admission that he did not appear to be visibly intoxicated to Feaster. We agree.

Both parties put forth expert testimony before the District Court to support their respective views regarding whether Feaster should have known that Boswell was intoxicated when the two interacted. Boswell's expert opined that given Boswell's blood alcohol level of 0.24%, Boswell "would have exhibited the physical manifestations and

6

the unmistaken signs of alcohol impairment" that "would have been obvious to a reasonably trained and reasonably perceptive police officer." (App. 262-63.) The City Defendants' experts testified that, while a non-alcoholic person would have exhibited unmistakable signs of intoxication with a blood alcohol level of 0.24%, Boswell's history of alcoholism meant that he possessed a greater tolerance for alcohol and that he would not have appeared to be intoxicated. Feaster also testified at his deposition that Boswell did not appear to be intoxicated that night and did not appear to be a danger to himself or others.

In their motion for summary judgment, the City Defendants submitted a statement of undisputed material facts, in accordance with D.N.J. L. Civ. R. 56.1,[4] essentially asserting that Feaster did not observe Boswell to be visibly intoxicated on the night of the accident. Boswell submitted an Opposing 56.1, responding paragraph by paragraph to the City Defendants' factual statements. In the statement, Boswell failed to deny the City Defendants' allegations that Boswell appeared not to be visibly intoxicated; instead,

---

[4] District of New Jersey Local Civil Rule 56.1 states, in relevant part:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs . . . . The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

D.N.J. L. Civ. R. 56.1(a).

7

Boswell admitted that Feaster <u>claimed</u> that Boswell appeared not to be visibly intoxicated.[5]

At summary judgment, the District Court concluded that both Boswell and the City Defendants agreed that Boswell did not appear to be intoxicated the night of the accident. Accordingly, the District Court determined that there were no genuine issues of material fact, and, as a result, Boswell could not establish a constitutional violation.

Boswell filed a motion for reconsideration, arguing that the District Court misconstrued his Opposing 56.1. Boswell stated that he had merely admitted what he thought Feaster believed, which he contended he did not agree with substantively, given the expert testimony he had submitted. In denying Boswell's motion, the District Court held that Boswell's Opposing 56.1 amounted to an admission of the City Defendants' version of the facts, stating "[i]f Boswell wished to dispute the facts in question, the 56.1 statement should have expressly indicated there was a dispute." (App. 17.)

District of New Jersey Local Civil Rule 56.1 requires the non-movant to submit an opposing 56.1 statement and either admit or deny each statement of undisputed material fact asserted by the movant. The local rule further states that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." D.N.J. L. Civ. R. 56.1(a). Notably, the local rule is ambiguous as to whether a material

---

[5] For example, Boswell stated the following in his Opposing 56.1: "Plaintiffs admit that Officer Feaster claims that Mr. Boswell appeared to understand him, was cooperative with him and responded immediately and appropriately to all commands." (App. 342-43.)

8

fact must be challenged in the non-movant's opposing 56.1 statement or else be deemed admitted.

Boswell's Opposing 56.1 was effectively non-responsive—it neither admitted nor denied the City Defendants' contention that Boswell appeared not to be intoxicated. The question, then, is whether Boswell's summary judgment briefing and evidentiary submissions—in which Boswell disputed that he appeared not to be intoxicated on the night of the accident—were sufficient to prevent the District Court from concluding that Boswell's failure in his Opposing 56.1 to dispute the City Defendants' factual averments constituted an admission of those facts. We conclude that these averments were sufficient.

As we have noted, the purpose of certain district court local rules pertaining to motions is the "[f]acilitation of the court's disposition of motions, not punishment." Lorenzo v. Griffith, 12 F.3d 23, 28 (3d Cir. 1993). Although we have not spoken on the precise issue presented here by D.N.J. L. Civ. R. 56.1, there are District of New Jersey cases that have heeded our admonition in Lorenzo and excused the non-movant's failure to strictly comply with this local rule, permitting the non-movant to rely on its briefing and evidentiary submissions to dispute the movant's purportedly undisputed material facts. See, e.g., Longoria v. New Jersey, 168 F. Supp. 2d 308, 312 n.1 (D.N.J. 2001) (noting that, because the non-movant had not submitted an opposing 56.1 statement, the movant's 56.1 factual statements would be deemed admitted "unless disputed by [the non-movant] in his briefs or contradicted by the evidence"); DiGiacomo v. Prudential Ins. Co. of Am., 501 F. Supp. 2d 626, 629 n.4 (D.N.J. 2007) ("Because [the non-movant] did

9

not oppose [the movant's] statement of material facts, the Court will presume that the facts are true unless they are controverted by the evidence in the record."). The commentary to D.N.J. L. Civ. R. 56.1 supports this interpretation, discussing cases where the non-movant's failure in any form to dispute material facts constitutes an admission of those facts. See D.N.J. L. Civ. R. 56.1 cmt. d (2010).

Permitting the non-movant to rely on its briefing and evidentiary submissions to dispute the movant's 56.1 statement is consistent with the requirement at summary judgment that federal courts "view the facts in the light most favorable to the non-moving party." Jakimas v. Hoffmann-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007). Boswell's briefing and expert report make clear that he disputes the City Defendants' contention that he did not appear to be visibly intoxicated during his encounter with Feaster. Given Boswell's briefing and factual submissions, it would be antithetical to the spirit of summary judgment to rely on his poorly worded Opposing 56.1.

The factual allegation central to the viability of Boswell's substantive due process claims is that Feaster knew that Boswell was intoxicated. All of Boswell's submissions support this contention and compel the conclusion that Boswell disputed the City Defendants' statement of undisputed material facts. We also cannot ignore that Boswell's Opposing 56.1, while certainly not a model of clarity, does reference his expert's conclusion that he would have appeared to be visibly intoxicated the night of the accident. (App. 350-53.) This alone should have given the District Court pause.

By concluding that Boswell admitted the City Defendants' version of the facts, the District Court imposed a dispositive penalty, one unwarranted given the nature of the

10

noncompliance. The evidence submitted to the District Court demonstrates that Boswell disputed the City Defendants' factual assertion. This is not a case where Boswell flouted the District Court's local rule. Indeed, Boswell clearly attempted to fully comply with D.N.J. L. Civ. R. 56.1.

We hold that the District Court erred in denying Boswell's motion for reconsideration by construing Boswell's Opposing 56.1 as an admission of the City Defendants' factual averments that Feaster did not observe Boswell to be visibly intoxicated. We will reverse the denial of the motion for reconsideration.

**B.** **Summary Judgment**

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Nicini v. Morra, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc) (citing Fed. R. Civ. P. 56(c)). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010) (citation omitted). In determining whether summary judgment is warranted, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citation omitted).

We hold that Boswell has put forth sufficient evidence to create a genuine issue of material fact as to whether he was visibly intoxicated on the night of the accident.

11

Boswell's expert opined that Boswell would have exhibited unmistakable signs of intoxication with a blood alcohol level of 0.24%. The City Defendants' contention that Boswell's expert failed to address the issue of tolerance of alcohol does not negate the existence of a genuine issue of material fact. In re Lemington Home for the Aged, --- F.3d ----, 2011 WL 4375676, at *6 (3d Cir. Sept. 21, 2011) ("For an issue to be genuine, 'all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" (quoting Anderson, 477 U.S. at 248-49)).

Moreover, we cannot agree with the District Court's conclusion that, even assuming that Boswell's Opposing 56.1 was not an admission of the City Defendants' version of the facts, no reasonable factfinder could conclude that Feaster's conduct was deliberately indifferent. The District Court determined that Feaster had a duty to intervene and take Boswell to an alcohol treatment center only if Feaster observed Boswell to be intoxicated to the point of incapacitation under New Jersey law. (App. 17-18.) But whether Feaster was deliberately indifferent when he directed Boswell to leave the park via Route 18 is a separate question from whether Feaster had a statutory duty to intervene and assist Boswell. See Kneipp v. Tedder, 95 F.3d 1199, 1208-09 (3d Cir. 1996) (summary judgment improper where reasonable factfinder could conclude that police officers willfully disregarded a known risk to a woman's safety by permitting her to walk alone at night, in cold weather, and in a highly intoxicated state).

Based on Boswell's version of the facts, a reasonable factfinder could determine that Boswell appeared to be visibly intoxicated and that Feaster was deliberately

12

indifferent to Boswell's safety in directing him to leave the park at night, while intoxicated, by means of a perilous highway, after having seen a half-empty bottle of alcohol.

Accordingly, we will vacate the grant of summary judgment.[6]

## IV. CONCLUSION

For the foregoing reasons, we will reverse the District Court's August 8, 2010 Order denying Boswell's motion for reconsideration, vacate the District Court's June 8, 2010 Order granting summary judgment, and remand for further proceedings consistent with this opinion.[7]

---

[6] The existence of a genuine issue of material fact also precludes an entry of summary judgment on the basis of qualified immunity. See Giles v. Kearney, 571 F.3d 318, 327-28 (3d Cir. 2009).

[7] Because we will vacate the grant of summary judgment, we need not address Boswell's alternative argument that we should, at a minimum, modify the District Court's judgment to remove the admission that Boswell agreed he did not appear to be visibly intoxicated.